IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT M. SAIZ,

       Petitioner,

      v.                                        Civ. No. 18-1180 WJ/SCY

RONALD MARTINEZ, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This Proposed Findings and Recommended Disposition addresses Petitioner Robert M. Saiz's habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Doc. 1. The Honorable William P. Johnson referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 14. Although Saiz presents a mixed petition of exhausted and unexhausted claims, because all claims are easily resolvable against him, I recommend denying Saiz's petition on the merits in its entirety.

## BACKGROUND

On April 19, 2015, the State of New Mexico charged Robert Saiz with four counts: child abuse, aggravated assault with a deadly weapon, leaving the scene of an accident, and failure to give immediate notice of an accident, in case number D-412-CR-2015-110. Doc. 15-1 at 139-141[1] (Ex. T). On October 28, 2015, the State charged Saiz with one count of involuntary manslaughter in case number D-412-CR-2015-200. *Id.* at 5-6 (Ex. B). Case number D-412-CR-

---

[1] The Court cites to the Bates numbers on the exhibits, attached as Doc. 15-1.

2015-200 is the basis for the present petition and arose after Saiz punched another customer at an Allsups convenience store. The victim later passed away. *See id.* at 38 (Ex. H).

On May 4, 2016, Saiz entered a plea agreement encompassing both cases. In case number D-412-CR-2015-110, he plead guilty to aggravated assault with a deadly weapon and the state dismissed the other counts. *Id.* at 133-38 (Ex. S). For that charge, the court sentenced him to two-and-a-half years' incarceration, including a one-year enhancement pursuant to the Habitual Offender Act, with six months suspended. *Id.* at 133-38 (Ex. S); *id.* at 139-41 (Ex. T). In case number D-412-CR-2015-200, Saiz plead guilty to involuntary manslaughter and the court sentenced him to five-and-a-half years' imprisonment, including a four-year enhancement pursuant to the Habitual Offender Act, with 18 months suspended and one year parole. *Id.* at 1-4 (Ex. A); *id.* at 17-19 (Ex. D). The sentences ran consecutively. *Id.* at 139-41 (Ex. T); *id.* at 17-19 (Ex. D).

On February 28, 2017, Saiz, proceeding pro se, filed a Petition for Writ of Habeas Corpus with the state trial court, addressing issues from both cases. *Id.* at 20-27 (Ex. E). After the court appointed habeas counsel, *id.* at 28-31 (Ex. F), Saiz, proceeding through counsel, filed an amended habeas petition with the state trial court in case number D-412-CR-2015-200,[2] *id.* at 34-55 (Ex. H). On August 6, 2018, the state trial court denied the amended habeas petition. *Id.* at 70-72 (Ex. N). Thereafter, Saiz failed a petition for writ of certiorari with the New Mexico Supreme Court, *id.* at 75-131 (Ex. Q), which the Supreme Court denied, *id.* at 132 (Ex. R).

Following meritorious deductions for each month of time served, Saiz was released on parole on December 10, 2018. *Id.* at 159-60 (Ex. AA); *id.* at 73 (Ex. O). On January 24, 2020,

---

[2] After filing the same habeas petition in both case number D-412-CR-2015-110 and D-412-CR-2015-200, Saiz withdrew his petition in case number D-412-CR-2015-110. *See* Doc. 15-1 at 154-57 (Ex. Y, docket sheet from case number D-412-CR-2015-110).

the Parole Board certified that Saiz satisfied his parole obligation and discharged him from

parole. *Id.* at 73 (Ex. O). On August 20, 2020, the court discharged Saiz from his suspended

sentence. *Id.* at 74 (Ex. P).

On December 14, 2018, Saiz filed the present "Petition Under 28 U.S.C. § 2254 for Writ

of Habeas Corpus by a Person in State Custody." Doc. 1. He raises four grounds for relief: (1)

ineffective assistance of counsel; (2) violation of constitutional rights; (3) self-defense; and (4)

"a complete reading and review of the OMI Report to show cause of death as well as toxicology

report on victim." *Id.* at 1-10.

On the same day he filed his petition, December 14, 2018, Saiz filed a notice of address

change, providing his residential address, as he was due to be released from prison. Doc. 2. He

later filed another change of address, again updating his residential address. Doc. 8. In response,

the Court issued an order to show cause, requiring Saiz to show cause why his habeas petition

was not moot now that he was no longer incarcerated. Doc. 9. Saiz responded, Doc. 10, and the

Court found that he had established sufficient collateral consequences flowing from the

conviction to overcome sua sponte concerns regarding mootness, Doc. 11. The Court reviewed

the petition pursuant to 28 U.S.C. § 2254 and Habeas Corpus Rule 4 and found that the claims

must be resolved on a full record. Doc. 11. Accordingly, it ordered the State to answer, Doc. 11,

which the State did on September 1, 2020, Doc. 15.

## PRELIMINARY MATTERS

Before proceeding to the merits of Saiz's petition, the Court must address two threshold

issues: mootness and exhaustion. I address each in turn.

**1. Mootness**

The first question the Court must consider is whether the present petition is moot now that Saiz is no longer incarcerated. The State asserts that it is. Section 2254 provides a remedy when a petitioner is "*in custody* in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is jurisdictional. *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (emphasis added). Here, Saiz dated his habeas petition November 26, 2018, but did not file it with the Court until December 14, 2018. Doc. 1 at 1, 15. During that time, on December 10, 2018, Saiz was released from incarceration and placed on parole. Doc. 15-1 at 73 (Ex. O). Yet, Saiz still satisfied the "in custody" requirement at the time he filed his petition (December 14) because the Supreme Court has "held that a prisoner who had been placed on parole was still 'in custody' under his unexpired sentence." *Maleng*, 490 U.S. at 491 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)).

The Court's inquiry into mootness does not end there, however. In this case, the Parole Board certified that Saiz satisfied his parole obligation on January 24, 2020, and on August 20, 2020, the court discharged him from his suspended sentence. Because Saiz has now been fully released from his sentence, the Court must determine whether his petition is moot because it no longer presents a case or controversy under Article III of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a petitioner's sentence has expired "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Id.* Saiz provided the Court with a host of

collateral consequences he is still suffering: (1) no employer wants to hire "a convicted felon with this kind of charge"; (2) he has PTSD and a mental disability due to his incarceration; (3) his children were bullied at school and had to drop out; (4) his family was attacked by some of the victim's family member and they now suffer PTSD; (5) Saiz's wife "got sick due to handling everything at once"; and (6) Saiz developed depression after his mother died while he was incarcerated and he did not get to say goodbye. Doc. 10.

The State argues that these reasons do not establish sufficient collateral consequences because Saiz has pointed to no legal rights that have been impaired by his conviction. Doc. 15 at 6. To support its position, the State cites *United States v. Meyers*, 200 F.3d 715 (10th Cir. 2000). *Meyers*, in turn, relies on the Supreme Court case *Spencer v. Kemna*. *See Meyers*, 200 F.3d at 718. In *Spencer*, the petitioner filed a § 2254 habeas petition challenging a parole revocation proceeding. 523 U.S. at 5. In other words, the petitioner did not challenge his underlying felony conviction; he only challenged the termination of his parole status. *Id.* at 8. Once his incarceration for the parole violated ended, the Supreme Court had to determine whether collateral consequences of the parole revocation existed. *Id.* To answer that question, the Supreme Court affirmed that it is "willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Id.* However, the Court refused to extend the "presumption of collateral consequences which is applied to criminal convictions" to revocations of parole. *Id.*; *see also Meyers*, 200 F.3d at 719, 721-22 (declining to apply a presumption of collateral consequences when a petitioner challenges his sentence or a resulting parole revocation, instead of the underlying conviction).

5

Unlike in *Spencer* and *Meyers*, Saiz is not challenging his sentence or a parole revocation

with the present § 2254 petition, but is challenging his actual conviction. *See* Doc. 1 (Saiz's

petition challenging his guilty plea and conviction because, among other reasons, there were no

credible witnesses, the OMI report shows the victim's real cause of death was a heart attack, and

because Saiz acted in self-defense and no with criminal intent); Doc. 10 (Saiz's response to order

to show cause asserting that he was forced to enter a guilty plea and that the OMI report proves

the victim did not suffer blunt force trauma). As a result of his conviction, Saiz faces "a host of

civil disabilities imposed by law upon convicts" and as such, "[t]he reality of these substantial

disabilities eventually led the [Supreme] Court to simply presume that sufficient collateral

consequences exist in cases where released defendants appeal their direct conviction." *Meyers*,

200 F.3d at 718 (citing *Sibron v. New York*, 392 U.S. 40, 55 (1968)); *see also United States v.*

*Hensel*, 377 F. App'x 748, 750 (10th Cir. 2010) ("[W]hen a defendant appeals the validity of his

conviction, we presume that the consequences are sufficient to overcome any questions of

mootness.").

Because Saiz is challenging the validity of his conviction, I recommend finding that he is

entitled to a presumption that collateral consequences flow from his conviction. Further, because

the Court has no information before it to the overcome that presumption, I recommend finding

that his petition is not moot.

## 2. Exhaustion

Under 28 U.S.C. § 2254(b), a petition for writ of habeas corpus cannot be granted "unless

it appears that the applicant has exhausted the remedies available in the courts of the State."

Exhaustion requires that a claim be pursued "through one complete round of the State's

established appellate review process, giving the state courts a full and fair opportunity to correct

alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation

and quotations omitted). Said another way, "a state prisoner seeking federal habeas relief

generally must have first submitted each of his claims to the State's highest court." *Jernigan v.*

*Jaramillo*, 436 F. App'x 852, 855 (10th Cir. 2011). "The exhaustion requirement is satisfied if

the federal issue has been properly presented to the highest state court, either by direct review of

the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531,

1534 (10th Cir. 1994).

If a petitioner does not exhaust all state court remedies, the federal court can still deny his

petition on the merits. 28 U.S.C. § 2254(b)(2). "Exhaustion is, therefore, based on principles of

comity; exhaustion is not jurisdictional." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir.

1994). If a petition contains both exhausted and unexhausted claims, the court can

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in
> abeyance while the petitioner returns to state court to raise his unexhausted claims;
> (3) permit the petitioner to dismiss the unexhausted claims and proceed with the
> exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the
> petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted). Under option

four, "where the district court is convinced the unexhausted claim is without merit, or that the

issue is easily resolvable against the [petitioner], the court may reach the merits of the claim

rather than dismiss the petition." *Rudolph v. Galetka*, 208 F.3d 227, at *1 (10th Cir. 2000) (table

decision). However, the court is not allowed to proceed with a hybrid approach, addressing the

exhausted claims on the merits while dismissing the unexhausted claims without prejudice.

*Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002). If the court addresses the

unexhausted claims on the merits, it can only do so if it plans to deny the entire petition on the

merits. *Id*.

In this case, after his guilty plea and sentencing, Saiz presented claims for relief to the state trial court through a petition for writ of habeas corpus. Doc. 15-1 at 20-27 (Ex. E); *id.* at 34-55 (Ex. H). The trial court denied his petition, *id.* at 70-72 (Ex. N), and Saiz appealed his application for post-conviction relief to the New Mexico Supreme Court, *id.* at 75-131 (Ex. Q). The Supreme Court denied his petition for writ of certiorari, *id.* at 132 (Ex. R), leading Saiz to bring the present petition under § 2254 in federal court, Doc. 1.

Saiz filed both the present petition and the petition to the New Mexico Supreme Court pro se. In both pro se filings, he included many grounds for relief, including many claims and sub-claims within each ground for relief, he failed to explain many claims, and he repeated claims to argue different grounds for relief. Accordingly, it is somewhat difficult to discern all his claims and the grounds upon which he seeks habeas relief. The below chart summarizes the four grounds for relief Saiz presents in the federal petition at issue here, including the sub-claims made within each ground, and the related claims he raised on appeal of post-conviction relief to the New Mexico Supreme Court.

| Grounds for relief in federal habeas petition | Sub-claims contained within each ground for relief | Related claims raise on appeal of post-conviction relief to the New Mexico Supreme Court |
|---|---|---|
| 1. Ineffective assistance of counsel (Doc. 1 at 5) | defense attorney knew the victim (Doc. 1 at 5) | |
| | defense attorney presented no credible witnesses due to the victim's extensive criminal record (Doc. 1 at 5) | Ineffective assistance of counsel: defense attorney presented no evidence and called no witnesses, except for Saiz (Doc. 15-1 at 80) |
| | defense attorney did not discuss strategy with Saiz, including overlooking parts of the OMI report (Doc. 1 at 5) | Ineffective assistance of counsel: Defense attorney made decisions without consulting Saiz; defense attorney did not call an expert to |

| | | testify about the victim's actual cause of death (Doc. 15-1 at 80) |
|---|---|---|
| | defense attorney did not discuss strategy with Saiz, including using video footage of the victim attacking Saiz (Doc. 1 at 5) | |
| | Saiz only accepted the plea deal because he believed he would not receive a fair trial due to overlooked evidence by the judge and his attorney (Doc. 1 at 16) | Ineffective assistance of counsel: Defense attorney presented Saiz a global plea deal without his consent (Doc. 15-1 at 80) |
| 2. Violations of constitutional rights (Doc. 1 at 7) | Saiz was never given a bond hearing (Doc. 1 at 7) | Ineffective assistance of counsel: Saiz was denied a bond hearing (Doc. 15-1 at 80) |
| | insufficient evidence because the toxicology report shows the victim's cause of death was a heart attack (Doc. 1 at 7) | Ineffective assistance of counsel: defense attorney did not call an expert witness to testify about the victim's actual cause of death (Doc. 15-1 at 80) |
| | insufficient evidence because Saiz acted in self-defense and had no criminal intent (Doc. 1 at 7) | Saiz did not act with criminal intent; the state had insufficient evidence of the charged crime (Doc. 15-1 at 82) |
| 3. Self-defense (Doc. 1 at 8) | video footage shows the victim harassing and attacking Saiz and Saiz only responded in self-defense (Doc. 1 at 8, 16) | Saiz committed excusable homicide (Doc. 15-1 at 77) |
| 4. OMI report shows the victim suffered a different cause of death (Doc. 1 at 10) | | OMI report shows that Saiz's actions did not cause the victim's death (Doc. 15-1 at 83) |

Providing a liberal reading to both pro se petitions, *see Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991), it appears that Saiz presented at least a few of his claims to the State's high

court on appeal of an application for post-conviction relief.[3] As such, I recommend finding that

Saiz's current petition is a mixed petition, containing both exhausted and unexhausted claims.

The State also characterizes Saiz's petition as a mixed petition and asks the Court to

proceed on the merits. Doc. 15 at 10. As discussed below, because all the claims are easily

resolvable against Saiz, I recommend agreeing with the State and proceeding to deny the petition

in its entirety on the merits. *See* 28 U.S.C. § 2254(b)(2).

### LEGAL STANDARD

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's petition for a

writ of habeas corpus where the prisoner is held "in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Section 2254(d), when the

prisoner's claims have been adjudicated on the merits in state court, such a petition can only be

granted if the state court's decision was contrary to, or unreasonably applied, "clearly established

Federal law, as determined by the Supreme Court of the United States," or "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d). Such review must be "highly deferential." *Cullen v.

Pinholster*, 563 U.S. 170, 181 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

> [E]ven a strong case for relief does not mean the state court's contrary conclusion
> was unreasonable. If this standard is difficult to meet, that is because it was meant

---

[3] "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that
the petitioner has raised the substance of the federal claim in state court.'" *Grant v. Royal*, 886
F.3d 874, 890 (10th Cir. 2018) (quoting *Fairchild*, 579 F.3d at 1151). Said another way, "in
order to be fairly presented, the state-court claim must be the 'substantial equivalent' of its
federal habeas counterpart." *Id.* at 891 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)).
"[M]ere similarity of claims is insufficient to exhaust[, a]nd the assertion of a general claim
before the state court is insufficient to exhaust a more specific claim asserted for habeas relief."
*Id.* "To satisfy exhaustion then, the habeas petition's focus – as well as the alleged errors that it
identified – cannot depart significantly from what the petitioner had presented to the state court."
*Id.* In this case, because I recommend denying the entire petition on the merits, the Court need
not determine which claims Saiz exhausted by fairly presenting them to the state court.

> to be. . . .  [Section] 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (citations and internal quotation marks omitted). "The petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case." *Id.* "Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *see also Bell*, 535 U.S. at 694 ("[A]n unreasonable application is different from an incorrect one."). "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Welch v. Workman*, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101. The state court need not cite to United States Supreme Court cases, or even be aware of them, "so long as neither the reasoning nor the result of the state-court

11

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Indeed, "determining whether

a state court's decision resulted from an unreasonable legal or factual conclusion does not require

that there be an opinion from the state court explaining the state court's reasoning" at all.

*Harrington*, 562 U.S. at 98; *see also Cullen*, 563 U.S. at 187 ("Section 2254(d) applies even

where there has been a summary denial."); *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)

("[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated.")

(emphasis in original).

When determining if a state decision was based on an unreasonable determination of

facts in light of the evidence presented, "a determination of a factual issue made by a State court

shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Welch*, 639 F.3d at

991 ("We presume the factual findings of the state court are correct unless the petitioner rebuts

that presumption by clear and convincing evidence.").

## ANALYSIS

### 1. Ineffective Assistance of Counsel

For his first ground for relief, Saiz asserts that his trial counsel provided him ineffective

assistance. Doc. 1 at 5. It is well established that defendants have a Sixth Amendment right to

effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). "The benchmark

for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the

proper functioning of the adversarial process that the trial cannot be relied on as having produced

a just result." *Id.* at 686. Accordingly, the Supreme Court in *Strickland* devised a two-step

inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth

Amendment right to assistance of counsel. *Id.* at 686-87. In order to establish an ineffective

assistance claim, a movant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Id.* at 687-88.

Under the first prong, "the performance inquiry must be whether counsel's assistance was reasonable considering all circumstances." *Id.* at 688. However, review of an attorney's performance "must be highly deferential," and the court must "evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Indeed, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). The question to determine deficient performance "is whether [the] representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (citing *Harrington*, 562 U.S. at 105).

The inquiry does not stop there; rather, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Under the second prong of the inquiry, the movant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. Courts may analyze either prong first and need only address one prong if the movant fails to make a sufficient showing on that prong. *Id.* at 697.

In this case, Saiz presented some version of an ineffective assistance of counsel claim to the New Mexico Supreme Court, on appeal of his application for post-conviction relief. Doc. 15-1 at 77 (Ex. Q). The New Mexico Supreme Court "considered the petition" and summarily

denied it.[4] *Id.* at 132 (Ex. R). In such a situation, Saiz must still "meet [a] high threshold" to

show "that there was no reasonable basis for the [New Mexico] Supreme Court's decision."

*Cullen*, 563 U.S. at 187-88; *see also Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 740 (10th Cir.

2016) ("[W]here a state court's decision is unaccompanied by an explanation, the habeas

petitioner's burden still must be met by showing there was no reasonable basis for the state court

to deny relief."). Further, because this issue comes to the Court by way of a § 2254 habeas

petition, Saiz faces an even more difficult burden to show that the state court's decision to deny

his ineffective assistance of counsel claim was contrary to or an unreasonable application of

clearly established federal law. *See Ryder ex rel. Ryder*, 810 F.3d at 742 (holding that a review of

ineffective assistance of counsel claims in the context of a § 2254 petition are "doubly

deferential in that [the court] take[s] a highly deferential look at counsel's performance [under

*Strickland*] through the deferential lens of § 2254(d)"); *Byrd v. Workman*, 645 F.3d 1159, 1168

(10th Cir. 2011) ("[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims

on habeas review, [the court] defer[s] to the state court's determination that counsel's

performance was not deficient, and further, defer[s] to the attorney's decision in how best to

represent a client." (internal citation omitted)).

Saiz offers no arguments to meet his high burden of showing that the New Mexico

Supreme Court's denial of his claim for ineffective assistance of counsel had no reasonable

basis. To the contrary, his assertions fail to demonstrate that his counsel was ineffective, thereby

---

[4] While § 2254(d) only applies to claims adjudicated on the merits by the state court, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. Here, there is no indication that that the New Mexico Supreme Court denied Saiz's petition based on some procedural principle and I therefore recommend presuming that it denied his petition on the merits.

supporting New Mexico Supreme Court's conclusion. Under the first *Strickland* prong, Saiz

must show that his counsel's performance fell below an objective standard of reasonableness. He

does not do this. Instead, he lists a host of conclusory allegations: "there was no credible

witnesses in my case due to the victim's (not mentioned) extensive criminal records"; his

attorney "admitted to knowing the victim"; "no discussion of strategy was held so when the OMI

report was not thoroughly gone over things were overlooked"; and "there was video footage of

the victim attacking [Saiz]." Doc. 1 at 5. Saiz offers no further elaboration and provides the

Court no further information to overcome the presumption that his counsel's conduct was sound

trial strategy. Indeed, Saiz does not even link some of his grievances to conduct by his counsel

For example, Saiz does not explain: how the victim's criminal record relates to the credibility of

witnesses in his case, or what action his counsel took regarding witnesses; how his counsel

knowing the victim was objectively unreasonable or impacted his counsel's actions; what his

counsel overlooked in the OMI report; or what actions his counsel took, or did not take,

regarding the video of the victim attacking him. I therefore recommend finding that Saiz has

failed to show that his counsel's representation fell below an objective standard of

reasonableness.

Regarding the second prong of the *Strickland* test, prejudice, Saiz asserts that he only

accepted the plea deal because his attorney overlooked so much evidence that he believed he

would not get a fair trial. Doc. 1 at 16. Because I recommend finding that Saiz has failed to meet

the first *Strickland* prong, the Court need not address this second, prejudice prong. *See*

*Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance

claim . . . to address both components of the inquiry if the defendant makes an insufficient

showing on one."). Accordingly, I recommend finding that Saiz has failed to meet his difficult

burden to show that the state court's decision to deny his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law.[5]

Saiz also fails to make any showing that the state court decision to deny his petition was based on an unreasonable determination of the facts, let alone make a showing by clear and convincing evidence. *See* 28 U.S.C. §2254(e)(1). For these reasons, I recommend denying Saiz's petition as to ground one: ineffective assistance of counsel.

## 2. Other Grounds for Relief

Saiz presents three other grounds for relief in his petition: ground two, violations of constitutional rights and amendments; ground three, self-defense; and ground four, that a complete reading of the OMI report shows different cause of death for the victim. Doc. 1 at 7-10, 16. As to ground two, Saiz lists a number of sub-claims including that he was never given a bond hearing, the state lacked sufficient evidence because the toxicology report shows the victim's cause of death was a heart attack, and the state lacked sufficient evidence because Saiz acted in self-defense and had no criminal intent. *Id.* at 7.

Saiz, however, faces a problem because all these grounds arise from claimed deprivations of constitutional rights that occurred before his plea deal. The Supreme Court has held that

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

---

[5] To the extent Saiz did not properly present specific ineffective assistance of counsel sub-claims to the New Mexico Supreme Court and the claims are therefore unexhausted, such claims still fail on the merits, for the reasons discussed, because Saiz has not met his burden to show that his counsel's representation fell below an objective standard of reasonableness.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In other words, "[a]fter entering a guilty plea, the only issue that may be challenged by a habeas petitioner is whether the plea was entered knowingly and voluntarily." *Jeffries v. Hargett*, 132 F.3d 42 at *3 (10th Cir. 1997) (table decision); *see also United States v. DeVaugh*, 694 F.3d 1141, 1153 (10th Cir. 2012) ("A guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court."[6]).

Saiz entered a guilty plea, which the state court found to be knowing and voluntary. Doc. 15-1 at 1-4 (Ex. A); *id.* at 17-19 (Ex. D). As such, he is precluded from raising constitutional defects that occurred before he entered his plea, other than an attack on the knowing and voluntary nature of his guilty plea. As discussed above, Saiz does, in essence, argue that his plea was not voluntary because of the ineffective assistance he received from counsel. However, for the reasons set forth in the above section addressing ineffective assistance of counsel, I recommend rejecting that argument under the first prong of the *Strickland* test. Because Saiz is precluded from raising other constitutional defects, I recommend denying his petition as to grounds two, three, and four.

### 3. Evidentiary Hearing

A petitioner is "entitled to an evidentiary hearing so long as his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 858 (10th Cir. 2005) (citation and internal quotation marks omitted). However, factual allegations must be "specific and particularized, not general or

---

[6] The narrow exception of constitutional claims includes a claim for a due process violation over the initiation of proceedings and double jeopardy claims that are evident on the face of the indictment. *DeVaugh*, 694 F.3d at 1151 (citing *Blackledge v. Perry*, 417 U.S. 21, 22-23 (1974); *Menna v. New York*, 423 U.S. 61, 61-62 (1975)). These exceptions do not apply in this case because Saiz is not challenging the right not to be haled into court.

conclusory." *Id.* at 858-59. "Moreover, an evidentiary hearing is unnecessary if the claim can be resolved on the record." *Id.* at 859. Here, Saiz presents no specific and particularized factual allegations that would entitle him to habeas relief. Accordingly, I believe that this matter can be resolved on the record and I recommend that Saiz is not entitled to an evidentiary hearing.

### RECOMMENDATION

For the above-stated reasons, I recommend denying Saiz's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Doc. 1) on the merits as to all grounds for relief and that the petition be dismissed with prejudice.

I further recommend that Saiz is not entitled to a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (finding that to be entitled to a certificate of appealability, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further").

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**